# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KENNETH MONK,

    Plaintiff,

v.                                                                                                                Civ. No. 16-1185 SCY

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE OR REMAND

**THIS MATTER** is before the Court on Plaintiff Kenneth Monk's Motion to Remand to Agency. Doc. 20. For the reasons discussed below, the Court will GRANT Plaintiff's Motion.

**I.  Background**

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on October 22, 2012. AR 66. Plaintiff alleged a disability onset date of May 1, 2009, due to degenerative disc disease and high blood pressure. AR 66. Plaintiff's claim for supplemental security income was granted but his claim for disability insurance benefits was initially denied on April 4, 2013, and upon reconsideration on December 20, 2013. AR 13, 99-101. Plaintiff thereafter filed a request for a hearing and one was held on May 6, 2015. AR 13. On June 19, 2015, the ALJ issued his decision finding Plaintiff not disabled. AR 21. Plaintiff now appeals that determination. Because the parties are familiar with Plaintiff's medical history, the Court reserves discussion of the medical records relevant to this appeal for its analysis.

**II.  Applicable Law**

**A.  Disability Determination Process**

A claimant is considered disabled for purposes of Social Security disability insurance

1

benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

**B. Standard of Review**

A court must affirm the denial of social security benefits unless (1) the decision is not

supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

### III. Analysis

Plaintiff raises two issues for review. First, Plaintiff contends that the ALJ improperly weighed the medical opinions of examining and non-examining doctors who opined that Plaintiff

is limited to light work. Second, Plaintiff argues that the RFC is incomplete, conclusory, and unsupported by substantial evidence. On this point, Plaintiff contends that the ALJ was required to use SSR 83-20 in assessing the onset date of disability and that the ALJ also erred by failing to make findings regarding Plaintiff's ability to perform sustained activity or develop the record. Because the Court agrees that the ALJ did not follow SSR 83-20 in assessing Plaintiff's onset date of disability, the Court concludes that remand is proper. The Court will not address Plaintiff's remaining claims of error because they may be affected by the ALJ's treatment of this case on remand. *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

The ALJ's analysis was limited to the period between May 1, 2009 (Plaintiff's alleged disability onset date) and September 30, 2011 (the date Plaintiff was last insured). AR 13. The ALJ found that "there is minimal objective evidence during the period at issue." AR 18. The majority of Plaintiff's records from the relevant time period came from visits Plaintiff made to Presbyterian Medical Group (PMG). *See* AR 288-306. Plaintiff reported to PMG on multiple occasions complaining of chronic lower back pain. *See e.g.*, AR 288, 295. Plaintiff represented to Dr. Doug McPherson that his back problems began in approximately April 2010. AR 295. The ALJ noted that Plaintiff was diagnosed at PMG with degenerative disc disease and sciatica in early 2011, before his date of last insured. AR 18. The ALJ ultimately concluded, however, that during this timeframe Plaintiff had the residual functional capacity to:

> perform medium work…except [Plaintiff] is able to lift fifty pounds occasionally and lift or carry twenty-five pounds frequently, and push or pull the same. [Plaintiff] can also walk or stand for six hours per eight-hour day and sit for six hours per eight-hour day with normal breaks. Further, [Plaintiff] may occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. Finally, [Plaintiff] may occasionally stoop, kneel, crouch, and crawl.

AR 16. In reaching this decision, the ALJ gave great weight to non-examining medical consultants Doctor Robert Redd and Doctor Mark Werner. AR 18. The ALJ noted, however,

4

that these doctors used March 1, 2012, as the disability onset date. AR 18. Thus, although these doctors opined that Plaintiff was limited to light work, the ALJ determined that their opinions were limited to the period after Plaintiff's date of last insured. AR 18. As for the relevant time period, both doctors determined that there was insufficient evidence to assess claimant's residual functional capacity. AR 72, 82, 93.

Plaintiff contends that in the absence of evidence concerning the actual onset date of Plaintiff's disability, the progressive nature of Plaintiff's degenerative disc disease and sciatica necessitated that the ALJ call upon a medical advisor in order to infer that date. "[T[he onset date [of disability] is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for benefits….[I]t is essential that the onset date be correctly established and supported by evidence." SSR 83-20. While a claimant's alleged onset date is significant, it is not determinative in cases of disability of a nontraumatic origin. *Id.* In such cases, the claimant's allegation must be considered alongside other factors including the claimant's work history and the medical evidence. *Id.* And when the claimant's alleged onset date is not consistent with the medical or work evidence, additional development may be needed to reconcile the discrepancy. *Id.* Reconciling this discrepancy often requires inferring the onset date of disability. The need to infer the onset date occurs especially in two particular situations. First, where "the alleged onset and the date last worked are far in the past and adequate medical records are not available." *Id.* Second, when "onset of a disabling impairment occurred some time prior to the date of the first recorded medical examination." *Id.* Because making this inference must be rooted in a legitimate medical basis, the regulation requires that the ALJ "should call on the services of a medical advisor when onset must be inferred." *Id.*

5

In *Blea v. Barnhart*, the Tenth Circuit held that the ALJ erred by failing to utilize SSR 83-20 to infer an onset date where the onset date was ambiguous. 466 F.3d 903, 904. The plaintiff in *Blea* faced a similar situation as Plaintiff in this case; namely, he was only entitled to benefits if he could show that he was disabled prior to his last insured date. *Id.* at 908-09. The Tenth Circuit emphasized that the determination of whether the ALJ was obligated to call a medical advisor turned on whether the evidence concerning onset of the plaintiff's disabilities was ambiguous, or, alternatively, whether the medical evidence "clearly documented the progression of his conditions." *Id.* at 912. Further, the Tenth Circuit noted that "when an onset date is ambiguous, it is not usually possible for an ALJ to make a decision that is supported by substantial evidence." *Id.* at 911. The Tenth Circuit ultimately concluded that because the plaintiff's medical record was "indisputably incomplete during a pertinent time period," the ALJ erred by drawing negative inferences against the plaintiff based on an ambiguous record. *Id.* at 913.

Upon review of the record in the present case, it is apparent that the inferences the ALJ drew in this case were similarly unsupported by the record. Plaintiff was diagnosed with degenerative disc disease and sciatica during the relevant time period. AR 18. The ALJ found, however, that the medical record shed little light on the extent of Plaintiff's impairments at this time. Indeed, the ALJ noted himself that there was "minimal objective medical evidence during the period at issue." AR 18. Furthermore, he gave great weight to opinions by Doctors Redd and Werner that both opined Plaintiff was limited to light work six months after his date of last insured but that the evidence was insufficient to assess his residual functional capacity during the relevant time period. Nevertheless, in purported reliance on the medical evidence, the ALJ determined that Plaintiff was capable of medium work. That is, the ALJ made his own inference

regarding Plaintiff's residual functional capacity on the basis of evidence he himself found to be "minimal" and insufficient. Pursuant to *Blea* and SSR 83-20, given the progressive nature of degenerative disc disease, when the ALJ determined that the medical evidence regarding Plaintiff's disability onset date was ambiguous, it was improper for the ALJ to fashion his own inferences regarding Plaintiff's residual functional capacity for time period between May 2009 and September 2011. He instead was obligated to call a medical advisor to determine the onset date of Plaintiff's disability. This he did not do and the Court therefore concludes that remand is proper.

## IV. Conclusion

For the foregoing reason, the Court GRANTS Plaintiff's Motion to Remand to Agency (Doc. 20).

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent